**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MICHAEL R. RAY, | : | |
| | : | Civil Action No. 05-3508 (RBK) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| STATE OF NEW JERSEY, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

> MICHAEL R. RAY, Plaintiff <u>pro</u> <u>se</u>
> #40860-019
> F.C.I. Estill
> P.O. Box 699
> Estill, South Carolina 29918

**KUGLER**, District Judge

Plaintiff Michael R. Ray ("Ray"), a prisoner currently confined at the Federal Correctional Institution at Estill, South Carolina, seeks to bring this action <u>in</u> <u>forma</u> <u>pauperis</u> pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant Ray's application to proceed <u>in</u> <u>forma</u> <u>pauperis</u> pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or

malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons stated below, the Court finds that the Complaint should be dismissed in its entirety as to all defendants.[1]

I.   BACKGROUND

The following factual allegations are taken from Ray's Complaint and are accepted as true for purposes of this review.

Ray alleges that his federal presentence report, which was authorized pursuant to his conviction in a federal district court in South Carolina, was disclosed to his criminal defense attorney in South Carolina, who then transmitted the presentence report to his state criminal defense attorney in New Jersey.  The New Jersey counsel, who was representing Ray on state criminal charges originating out of Atlantic County, New Jersey, sent the report to the Office of the Deputy Attorney General for the State of New Jersey.  The report was ultimately used in the state criminal prosecution of plaintiff.

Ray contends that his federal presentence report is a sealed document once the sentencing court adopts the report, pursuant to 18 U.S.C. § 3552(d).  He claims that use of a federal presentence

---

[1]  On October 31, 2005, plaintiff also filed a motion to review his case file, for issuance of an Order granting in forma pauperis status, and for issuance of an Order directing service of his Complaint.  The Court's disposition of this case renders this motion moot.

report by a State prosecutor in presenting a criminal matter to a State grand jury, or use of the presentence report in the prosecution of an individual is strictly prohibited.

The following defendants are named by plaintiff in this Complaint: (1) the State of New Jersey; (2) Atlantic County of New Jersey; (3) the New Jersey Superior Court, Law Division, Criminal Part, Atlantic County; (4) Peter C. Harvey, Attorney General for the State of New Jersey; (5) Kerry L. Menchen, Deputy Attorney General for the State of New Jersey; (6) Louis M. Barbone, Esq.; and (7) the Grand Jury empaneled on February 23, 2005. (Complaint, Caption, Parties at pp. 3-5).

Ray alleges that he was indicted on June 21, 2001 by an Atlantic County Grand Jury for theft by deception in the third degree. On January 22, 2002, Ray entered into a plea agreement whereby he pled guilty to fourth degree theft by deception in exchange for a one year term of imprisonment and restitution in the amount of $6,500.00, with a $5,000.00 fine. He contends that he was not actually sentenced and that the matter remains pending.

Ray was recently indicted on February 23, 2005 by an Atlantic County Grand Jury on several charges of bail jumping, and on charges of forgery and falsifying records. These charges are related to plaintiff's failure to appear for sentencing in

3

connection with his first conviction by guilty plea to fourth degree theft by deception.

Ray is currently incarcerated at the Federal Correctional Institution in Estill, South Carolina, serving a federal sentence of 70 months in prison for mail, wire, and bank fraud.  He was arrested in Fort Lauderdale, Florida, on March 21, 2003, in connection with these charges.  Ray alleges that the New Jersey authorities placed an official detainer on plaintiff with respect to the theft by deception charge.  Sometime in 2003, Ray's counsel in the federal case contacted Ray's attorney, Mr. Barbone, in the state case and forwarded to Mr. Barbone a copy of his federal presentence report.  Mr. Barbone then used the presentence report in the state matter, and sent a copy to Ms. Menchen, the state Deputy Attorney General.

Ms. Menchen allegedly used the presentence report to institute charges against plaintiff for failing to appear for sentencing on the 2001 indictment.  Specifically, Ms. Menchen provided a certification to Judge Garofolo with respect to the 2001 indictment.  She stated that plaintiff had asked for several adjournments of his sentencing due to inability to appear in New Jersey court based on medical reasons.  These requests for adjournments were made by a "Dr. Malick" of the "Horry Neurological Group", but it was later discovered that there was no such doctor licensed in the state of South Carolina, and that

4

this phony doctor was actually traceable to plaintiff and his business ventures in South Carolina.  Ms. Menchen also learned that the address for the "Horry Neurological Group" belonged to a restaurant and gas station.  Consequently, Ms. Menchen sought an indictment against Ray for bail jumping, contempt, and falsification of documents for use in his first state court criminal matter.

Ray seeks injunctive relief, namely, the dismissal of the later indictment for bail jumping, etc.  He also asks that the presentence report be stricken from the record in his cases, or sealed.  Finally, plaintiff seeks money damages against the following defendants: (1) the sum of $250.00 as against defendant Harvey; (2) $9,500.00 from Ms. Menchen; and (3) $1.00 from Mr. Barbone.

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a

defendant who is immune from such relief.  28 U.S.C. §§
1915(e)(2)(B) and 1915A.[2]

In determining the sufficiency of a pro se complaint, the
Court must be mindful to construe it liberally in favor of the
plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United
States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must
"accept as true all of the allegations in the complaint and all
reasonable inferences that can be drawn therefrom, and view them
in the light most favorable to the plaintiff."  Morse v. Lower
Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court
need not, however, credit a pro se plaintiff's "bald assertions"
or "legal conclusions."  Id.

A complaint is frivolous if it "lacks an arguable basis
either in law or in fact."  Neitzke v. Williams, 490 U.S. 319,
325 (1989) (interpreting the predecessor of § 1915(e)(2), the
former § 1915(d)).  The standard for evaluating whether a
complaint is "frivolous" is an objective one.  Deutsch v. United
States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

_____

[2]  Plaintiff should also be aware that the PLRA requires
Courts to determine whether a prisoner has, on three or more
prior occasions while incarcerated or detained in any facility,
brought an action or appeal in federal court that was dismissed
as frivolous, malicious, or for failure to state a claim upon
which relief may be granted.  If so, the prisoner is precluded
from bringing an action in forma pauperis unless he or she is
under imminent danger of serious physical injury.  28 U.S.C. §
1915(g).  It does not appear that plaintiff has filed any
lawsuits which were dismissed pursuant to 28 U.S.C. §§
1915(e)(2)(B) and 1915A.

A <u>pro se</u> complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  <u>Haines</u>, 404 U.S. at 521 (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)); <u>Milhouse v. Carlson</u>, 652 F.2d 371, 373 (3d Cir. 1981).  However, where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  <u>Denton v. Hernandez</u>, 504 U.S. 25, 34 (1992); <u>Alston v. Parker</u>, 363 F.3d 229 (3d Cir. 2004)(complaint that satisfied notice pleading requirement that it contain short, plain statement of the claim but lacked sufficient detail to function as a guide to discovery was not required to be dismissed for failure to state a claim; district court should permit a curative amendment before dismissing a complaint, unless an amendment would be futile or inequitable); <u>Grayson v. Mayview State Hospital</u>, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); <u>Shane v. Fauver</u>, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); <u>Urrutia v. Harrisburg County Police Dept.</u>, 91 F.3d 451, 453 (3d Cir. 1996).

## III.  <u>SECTION 1983 ACTIONS</u>

Ray brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights guaranteed under the United States Constitution.  Section 1983 provides in relevant part:

7

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any State
> or Territory ... subjects, or causes to be subjected,
> any citizen of the United States or other person within
> the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other
> proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must
allege, first, the violation of a right secured by the
Constitution or laws of the United States and, second, that the
alleged deprivation was committed or caused by a person acting
under color of state law.  West v. Atkins, 487 U.S. 42, 48
(1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir.
1994).

IV.  ANALYSIS

A.  Supervisor Liability

     Ray's § 1983 claims against the County of Atlantic, New
Jersey, and Peter C. Harvey, Attorney General of New Jersey must
be dismissed because supervisor liability is not cognizable in §
1983 actions.  Local government units and supervisors typically
are not liable under § 1983 solely on a theory of respondeat
superior.  See City of Oklahoma City v. Tuttle, 471 U.S. 808, 824
n.8 (1985).  "A defendant in a civil rights action must have
personal involvement in the alleged wrongs, liability cannot be
predicated solely on the operation of respondeat superior.
Personal involvement can be shown through allegations of personal

8

direction or of actual knowledge and acquiescence." Rode v.
Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations
omitted). Accord Robinson v. City of Pittsburgh, 120 F.3d 1286,
1293-96 (3d Cir. 1997); Baker v. Monroe Twp., 50 F.3d 1186,
1190-91 (3d Cir. 1995).

Here, it would appear that the named defendants, the County
of Atlantic, and Mr. Harvey, are liable only under a theory of
respondeat superior.  Ray makes no factual allegations attesting
to the actual involvement, knowledge, or active participation by
the County of Atlantic or Mr. Harvey.  As to the County of
Atlantic, Ray's alleges nothing more than the fact that the
activities of his second indictment occurred there.  The claims
against Mr. Harvey rest entirely upon a theory of supervisor
liability.  Therefore, the Complaint should be dismissed in its
entirety, as against these defendants, for failure to state a
claim upon which relief may be granted.

B.  Claims Against the State of New Jersey

Additionally, Ray's claims against the State of New Jersey
are subject to dismissal because a suit for damages against a
State in federal court is barred by the Eleventh Amendment.
Indeed, the Eleventh Amendment[3] protects states and their

---

[3] The Eleventh Amendment to the United States Constitution
provides that, "The Judicial power of the United States shall not
be construed to extend to any suit in law or equity, commenced or
prosecuted against one of the United States by citizens of
another State, or by Citizens or Subjects of any Foreign State."

agencies and departments from suit in federal court regardless of
the type of relief sought.  Pennhurst State School and Hospital
v. Halderman, 465 U.S. 89, 100 (1984).  Similarly, absent consent
by a state, the Eleventh Amendment bars federal court suits for
money damages against state officers in their official
capacities.  See Kentucky v. Graham, 473 U.S. 159, 169 (1985).
Section 1983 does not override a state's Eleventh Amendment
immunity.  Quern v. Jordan, 440 U.S. 332 (1979).

    In addition, neither states, nor governmental entities that
are considered arms of the state for Eleventh Amendment purposes,
nor state officers sued in their official capacities for money
damages are persons within the meaning of § 1983.  Will v.
Michigan Dept. of State Police, 491 U.S. 58, 64, 70-71 and n.10
(1989); Grabow v. Southern State Correctional Facility, 726
F.Supp. 537, 538-39 (D.N.J. 1989) (the New Jersey Department of
Corrections is not a person under § 1983).  Thus, all damages
claims asserted by Ray against the State of New Jersey must be
dismissed with prejudice, pursuant to 28 U.S.C. §§
1915(e)(2)(B)(iii) and 1915A(b)(2).

--------

    As a general proposition, a suit by private parties seeking
to impose a liability which must be paid from public funds in a
state treasury is barred from federal court by the Eleventh
Amendment, unless Eleventh Amendment immunity is waived by the
state itself or by federal statute.  See, e.g., Edelman v.
Jordan, 415 U.S. 651, 663 (1974).

C.   <u>Claims as to the Superior Court of New Jersey</u>

     Next, plaintiff alleges that the state court erred in
denying a defense motion to stay the grand jury proceeding on
February 23, 2005, and in permitting the Deputy Attorney General
to present evidence from the federal presentence report.  These
claims may be construed as claims against the judge or judges
conducting the criminal court proceedings at issue.

     As a general rule, judges acting in their judicial capacity
are absolutely immune (in both their individual and official
capacities) from suit under the doctrine of judicial immunity.
See <u>Mireless v. Waco</u>, 502 U.S. 9, 9 (1991).  "Judicial immunity
is an immunity from suit, not just from ultimate assessment of
damages."  <u>Id</u>., 502 U.S. at 11 (*citing* <u>Mitchell v. Forsyth</u>, 472
U.S. 511, 526 (1985)).  The Supreme Court has made clear that

> judges of courts of superior or general jurisdiction
> are not liable to civil actions for their judicial acts,
> even when such acts are in excess of their jurisdiction,
> and are alleged to have been done maliciously or corruptly.

<u>Stump v. Sparkman</u>, 435 U.S. 349, 355-56 (1978); <u>see also</u> <u>Pierson
v. Ray</u>, 386 U.S. 547, 554 (1967).  Thus, judicial immunity can be
overcome only for actions not taken in a judicial capacity, <u>id</u>.,
or for actions taken in a complete absence of all jurisdiction.
<u>Mireless</u>, 502 U.S. at 11-12.  Allegations that actions were
undertaken with an improper motive diminishes neither their
character as judicial actions nor the judge's immunity.  <u>See
Forrester v. White</u>, 484 U.S. 219, 227 (1988).

11

Here, Ray generally alleges that the judges of Superior Court of New Jersey erred in certain rulings they made during the course of his pre-trial proceedings.  There are no factual allegations that would support an assertion that the courts acted beyond the scope of their judicial authority.  Indeed, Ray fails to allege any facts to show that the Superior Court of New Jersey acted in the complete absence of all jurisdiction.  Therefore, the Superior Court of New Jersey is absolutely immune for all claims asserted by plaintiff in his Complaint, and the Complaint will be dismissed in its entirety, with prejudice, as to this defendant pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2).

D.   Claims as to State Prosecutor

Ray also asserts that defendant, Ms. Menchen, the prosecuting attorney with respect to his state court indictments, wrongfully used the federal presentence report in her presentation of the case against plaintiff to the Atlantic County Grand Jury.

"[A] state prosecuting attorney who act[s] within the scope of [her] duties in initiating and pursuing a criminal prosecution" is not amenable to suit under § 1983.  Imbler v. Pachtman, 424 U.S. 409, 410 (1976).  See also Kulwicki v. Dawson, 969 F.2d 1454, 1465 (3d Cir. 1992); Schrob v. Catterson, 948 F.2d 1402, 1417 (3d Cir. 1991); Rose v. Bartle, 871 F.2d 331, 345 and

12

n.12 (3d Cir. 1989).  A prosecutor's appearance in court as an
advocate in support of an application for a search warrant and
the presentation of evidence at such a hearing are protected by
absolute immunity.  Likewise, prosecutors are absolutely immune
from liability when appearing before grand juries to present
evidence.  Burns v. Reed, 500 U.S. 478, 492 (1991).  "[A]cts
undertaken by a prosecutor in preparing for the initiation of
judicial proceedings or for trial, and which occur in the course
of his role as an advocate for the State, are entitled to the
protections of absolute immunity."  Buckley v. Fitzsimmons, 509
U.S. 259, 273 (1993).

Prosecutors also are absolutely immune from a civil suit for
damages under § 1983 for:  (1) instituting grand jury proceedings
without proper investigation and without a good faith belief that
any wrongdoing occurred, Schrob, 948 F.2d at 1411; Rose v.
Bartle, supra; (2) initiating a prosecution without a good faith
belief that any wrongdoing has occurred, Kulwicki, 969 F.2d at
1463-64; (3) soliciting false testimony from witnesses in grand
jury proceedings, probable cause hearings, and trials, Burns, 500
U.S. at 490; Kulwicki, 969 F.2d at 1467; and (4) the knowing use
of perjured testimony in a judicial proceeding, Imbler, 424 U.S.
at 424-27; Schrob, 948 F.2d at 1417; Brawer v. Horowitz, 535 F.2d
830 (3d Cir. 1976).

Thus, a prosecutor is absolutely immune when making a decision to prosecute, "even where [she] acts without a good faith belief that a wrongdoing has occurred." <u>Kulwicki</u>, 969 F.2d at 1463-64; <u>Rose</u>, 871 F.2d at 343.  In this regard, a falsely-charged defendant may be "remedied by safeguards built into the judicial system," such as dismissal of the charges.  <u>Kulwicki</u>, 969 F.2d at 1464.

Here, Ray's claims against the state prosecutor, Ms. Menchen, is premised on her using a presentence report for information presented to a grand jury on bail jumping, forgery, and falsifying records charges.  Ms. Menchen's actions were clearly undertaken in the course of her function as a prosecuting attorney, preparing for the initiation of judicial proceedings, and in the course of her role as an advocate for the State of New Jersey.  Thus, it is plain that the Ms. Menchen was acting in her official prosecutorial role, and she is protected by an absolute immunity from § 1983 liability for her conduct during pre-trial and trial proceedings.

Furthermore, to the extent that Ray seeks a dismissal of the indictment based on prosecutorial misconduct in using the federal presentence report, it must be dismissed.  The appropriate avenue for this type of relief is through direct appeal and exhaustion of state court remedies, and then, a federal habeas petition rather than a civil complaint under 42 U.S.C. § 1983.  <u>See</u>

14

Preiser v. Rodriguez, 411 U.S. 475 (1973).  Moreover, to the extent that these state charges are still pending in state court, this Court is constrained by Younger v. Harris, 401 U.S. 37 (1971) to abstain from reviewing any constitutional or federal statutory claim that plaintiff has the opportunity to raise in his ongoing state criminal proceedings.

E.   Claims as to Louis Barbone, Esq.

It is not clear from the Complaint whether Mr. Barbone was court-appointed counsel for plaintiff or a privately retained attorney.  In either event, this defendant is not subject to liability under § 1983 because he is not a state actor.  A public defender "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."  Polk Co. v. Dodson, 454 U.S. 312, 325 (1981) (a public defender performing a lawyer's traditional functions as counsel to a defendant, such as determining trial strategy and whether to plead guilty, is not acting under color of state law); Steward v. Meeker, 459 F.2d 669 (3d Cir. 1972) (privately-retained counsel does not act under color of state law when representing client); Thomas v. Howard, 455 F.2d 228 (3d Cir. 1972) (court-appointed pool attorney does not act under color of state law).

However, even if Ray had pleaded facts establishing that Mr. Barbone was acting under color of state law, his claim alleges

nothing more than a violation of his right to effective assistance of counsel.  Such a claim, based on Mr. Barbone's alleged disclosure of Ray's presentence report to the state prosecuting attorney, must first be raised in Ray's pending state criminal case; a federal court generally will not intercede to consider issues that Ray has an opportunity to raise before the state court.  <u>Younger v. Harris</u>, 401 U.S. 37 (1971).

Moreover, to the extent that Ray's criminal trial is no longer pending, and he has been convicted and sentenced on the second indictment, any claim of ineffective assistance of counsel[4] in this regard must first be exhausted via state court remedies, *i.e.*, by direct appeal or other available state court review; and then, if appropriate, by filing a federal habeas application to assert any violations of federal constitutional or

---

[4]  The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel in his defense."  U.S. Const. amend. VI. Without access to counsel, a criminal defendant cannot be guaranteed a fair trial.  "The right to counsel plays a crucial role in the adversarial system embodied in the Sixth Amendment, since access to counsel's skill and knowledge is necessary to accord defendants the 'ample opportunity to meet the case of the prosecution' to which they are entitled."  <u>Strickland v. Washington</u>, 466 U.S. 668, 685 (1984) (citation omitted).
      If a criminal defendant is not represented by counsel at trial or in critical pretrial proceedings and has not competently and intelligently waived his right to counsel, "the Sixth Amendment stands as a jurisdictional bar to a valid conviction and sentence depriving him of his life or his liberty."  <u>Johnson v. Zerbst</u>, 304 U.S. 458, 468 (1938); <u>see also</u> <u>United States v. Cronic</u>, 466 U.S. 648, 654 (1984) (holding that if a defendant has no representation of any kind, his conviction is per se invalid).

statutory law, namely, his claim of ineffective assistance of counsel.  <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1973).  There is nothing alleged in the Complaint to indicate that Ray has been convicted and sentenced on this second state court indictment, or that he has appealed his conviction or sentence to the New Jersey Appellate Division and exhausted his state court remedies.

Therefore, because defendant Barbone was not acting under color of state law when representing Ray, and because any claim of ineffective assistance of counsel must be asserted under a federal habeas petition after Ray has exhausted his state court remedies, this Complaint asserting liability under § 1983 should be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

F.  <u>Claims as to the Grand Jury</u>

Ray generally asserts a claim against the Atlantic County grand jurors with respect to their indictment of plaintiff based on information presented to them in the federal presentence report.  This claim is subject to dismissal.

Grand jurors possess absolute immunity similar to a judge or a prosecutor because they must "exercise a discretionary judgment on the basis of evidence presented to them during the secret grand jury proceedings.  <u>Imbler</u>, 424 U.S. at 423 n. 20.  Courts have been consistent in holding grand jurors absolutely immune

17

from liability for acts committed within the scope of their duties.  This immunity protects grand jurors to enable them to be free to exercise their best judgment regarding sensitive legal and factual questions presented to them in secret proceedings without fear of being held accountable in damages actions.  See DeCamp v. Douglas County Franklin Grand Jury, 978 F.2d 1047, 1050 (8th Cir. 1992), cert. denied, 509 U.S. 1047 (1993).

Accordingly, since the Complaint in this action fails to allege that the grand jurors acted outside the scope of their quasi-judicial statutory authority in handing down an indictment based on evidence presented to them during the grand jury proceedings, this claim should be dismissed with prejudice.

G.   Injunctive Relief Not Available

Next, aside from nominal damages, plaintiff principally seeks injunctive relief directing the dismissal of his second state court indictment which was based on disclosure of his federal presentence report.  Such a claim, which challenges his indictment, is not cognizable under § 1983, but instead, should be raised in his pending state criminal case.  As stated earlier in this Opinion, a federal court generally will not intercede to consider issues that plaintiffs have an opportunity to raise before the state court.  Younger v. Harris, 401 U.S. 37 (1971).

18

The United States Court of Appeals for the Third Circuit has
enunciated three requirements that must be met before Younger
abstention may be invoked:

> (1) there are ongoing state proceedings that are
> judicial in nature;  (2) the state proceedings
> implicate important state interests;  and (3) the state
> proceedings afford an adequate opportunity to raise
> federal claims.  Whenever all three of these
> requirements are satisfied, abstention is appropriate
> absent a showing of bad faith prosecution, harassment,
> or a patently unconstitutional rule that will cause
> irreparable injury to the plaintiff.

Port Auth. Police Benevolent Ass'n v. Port Auth. of New York and
New Jersey Police Dep't, 973 F.2d 169, 173 (3d Cir. 1992)
(citing Schall v. Joyce, 885 F.2d 101, 106 (3d Cir.1989)).  Here,
it would appear that plaintiff's criminal proceeding is still
pending; thus, state proceedings implicating important state
interests are ongoing and plaintiff has the opportunity to raise
his claims (based on an allegedly unlawful disclosure of a
federal presentence report to a state prosecuting attorney, who
then used the report to initiate grand jury proceedings) in his
state proceeding.  Accordingly, this Court is constrained by
Younger to dismiss these claims for injunctive relief without
prejudice.

Moreover, if Ray is eventually convicted of the alleged
charges in his now-pending state criminal matter, he must first
exhaust his state court remedies by direct appeal or other
available state court review, and then, if appropriate, file a

19

federal habeas application to assert any violations of federal constitutional or statutory law.  <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1973).

H.   <u>Complaint Fails to State a Cognizable Claim under § 1983</u>

Finally, even if most of the named defendants were not immune from liability, this Complaint must be dismissed because plaintiff fails to state a cognizable claim for relief under § 1983 or any other federal law.

In order to state a claim for liability under § 1983, Ray must allege a "violation of a federal right, and not merely a violation of federal law." <u>Higgins v. Beyer</u>, 293 F.3d 683, 689 (3d Cir. 2002)(quoting <u>Pa. Pharmacists Ass'n v. Houstoun</u>, 283 F.3d 531, 535 (3d Cir. 2002)(en banc)(quotation omitted), <u>cert</u>. <u>denied</u>, 537 U.S. 821 (2002).[5]  The Third Circuit explained that "a plaintiff alleging a violation of a federal statute may not proceed under § 1983 unless 1) the statute creates enforceable rights, privileges, or immunities within the meaning of § 1983 and 2) Congress has not foreclosed such enforcement of the

---

[5]  To recover against a defendant under § 1983, Ray must establish that the defendant was acting under color of [state] law to deprive him of a right secured by the federal Constitution or laws. <u>Groman v. Twp. of Manalapan</u>, 47 F.3d 628, 633 (3d Cir. 1995).  Section 1983 does not create substantive rights; rather, it provides an avenue of recovery for the deprivation of established federal constitutional and statutory rights. <u>Kneipp v. Tedder</u>, 95 F.3d 1199, 1204 (3d Cir. 1996).

statute in the enactment itself." <u>Pa. Pharmacists Ass'n</u>, 283 F.3d at 535 (quotations omitted).

Here, Ray's cause of action under § 1983 is based on the parties' disclosure of his federal presentence report in state grand jury proceedings. Ray contends that such disclosure is unlawful and prohibited by federal law under 18 U.S.C. § 3552(d). A plain reading of the statute shows that the defendants' conduct as alleged does not violate § 3552(d). The statute reads:

> (d) Disclosure of presentence reports.--The court shall assure that a report filed pursuant to this section is disclosed to the defendant, the counsel for the defendant, and the attorney for the Government at least ten days prior to the date set for sentencing, unless this minimum period is waived by the defendant. The court shall provide a copy of the presentence report to the attorney for the Government to use in collecting an assessment, criminal fine, forfeiture or restitution imposed.

There is clearly no express mandate against disclosure of this report to plaintiff's counsel, who subsequently provided it to the state prosecuting attorneys for consideration in plaintiff's sentencing on an unrelated state court conviction. Thus, since there is no apparent violation of a federal right or an express violation of federal law, this Complaint must be dismissed with prejudice, as to all defendants, for failure to state a claim upon which relief may be granted.

V. <u>CONCLUSION</u>

For all of the reasons set forth above, the Complaint must be dismissed with prejudice, in its entirety as against all

21

defendants, for failure to state a cognizable claim, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), and because some of the defendants are protected by immunity, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2).  Plaintiff's motion to review the case file, and for issuance of an Order directing service and granting in forma pauperis status, will be dismissed as moot.  An appropriate Order follows.


                              S/Robert B. Kugler
                              ROBERT B. KUGLER
                              United States District Judge

Dated: January 20, 2006